Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **MAY 2016**  **002720** |
| E-Filing Number: 1605052162 |

| | |
|---|---|
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME**<br>TAMEKA P. LAFAYETTE M.D |
| **PLAINTIFF'S ADDRESS**<br>1837 EAST TIOGA STREET<br>PHILADELPHIA PA 19134 | **DEFENDANT'S ADDRESS**<br>C/O MARIA DE LOS SANTOS   HEALTH CENTER 401-55<br>WEST ALLEGHENY AVENUE<br>PHILADELPHIA PA 19133 |
| **PLAINTIFF'S NAME**<br>ANA M. RAMOS | **DEFENDANT'S NAME**<br>DELAWARE VALLEY COMMUNITY HEALTH, INC., ALIAS:<br>T/A MARIA DE LOS SANTOS HEALTH CENTER |
| **PLAINTIFF'S ADDRESS**<br>1837 EAST TIOGA STREET<br>PHILADELPHIA PA 19134 | **DEFENDANT'S ADDRESS**<br>401-55 WEST ALLEGHENY AVENUE<br>PHILADELPHIA PA 19133 |
| **PLAINTIFF'S NAME**<br>JOSE MERCADO | **DEFENDANT'S NAME**<br>SHWETHA S. SHRIVATSA MD |
| **PLAINTIFF'S ADDRESS**<br>2111 NORTH HOWARD STREET<br>PHILADELPHIA PA 19122 | **DEFENDANT'S ADDRESS**<br>462 NORTH 6TH STREET<br>PHILADELPHIA PA 19123 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 3 | 6 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

**CASE TYPE AND CODE**

2M - MALPRACTICE - MEDICAL

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br>MAY 23 2016<br>**E. MASCUILLI** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES        NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: _____, ANA M RAMOS ,
                                                                                      JOSE MERCADO
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>DANIEL JECK | ADDRESS<br>1634 SPRUCE STREET<br>PHILADELPHIA PA 19103 |
|---|---|
| **PHONE NUMBER**<br>(215)546-6636 | **FAX NUMBER**<br>(215)546-0118 | |
| **SUPREME COURT IDENTIFICATION NO.**<br>67454 | **E-MAIL ADDRESS**<br>Dan@erlegal.com |
| **SIGNATURE OF FILING ATTORNEY OR PARTY**<br>DANIEL JECK | **DATE SUBMITTED**<br>Monday, May 23, 2016, 11:19 am |

## COMPLETE LIST OF DEFENDANTS:

1. TAMEKA P. LAFAYETTE M.D
   C/O MARIA DE LOS SANTOS  HEALTH CENTER 401-55 WEST ALLEGHENY AVENUE
   PHILADELPHIA PA 19133
2. DELAWARE VALLEY COMMUNITY HEALTH, INC.
   ALIAS: T/A MARIA DE LOS SANTOS HEALTH CENTER
   401-55 WEST ALLEGHENY AVENUE
   PHILADELPHIA PA 19133
3. SHWETHA S. SHRIVATSA MD
   462 NORTH 6TH STREET
   PHILADELPHIA PA 19123
4. TEMPLE PHYSICIANS, INC.
   2540 WEST HUNTING PARK AVENUE
   PHILADELPHIA PA 19129
5. TEMPLE UNIVERSITY HOSPITAL, INC.
   3509 NORTH BROAD STREET 9TH FLOOR
   PHILADELPHIA PA 19140
6. TEMPLE UNIVERSITY HEALTH SYSTEM, INC.
   3509 NORTH BROAD STREET 9TH FLOOR
   PHILADELPHIA PA 19140

EISENBERG, ROTHWEILER,
WINKLER, EISENBERG & JECK, P.C.
BY:    Daniel Jeck, Esquire
        Joshua B. Schwartz, Esquire
ATTORNEY I.D. 67454/210208
1634 Spruce Street
Philadelphia, PA  19103
(215) 546-6636

**ATTORNEYS FOR: PLAINTIFFS**
**THIS IS NOT AN ARBITRATION**
**MATTER.**

Filed and Attested by the
Office of Judicial Records
25 MAY 2016 11:18 am
M. ROSSELLI

, a minor, by and through his
parents and natural guardians, ANA M. RAMOS and
JOSE MERCADO, and ANA M. RAMOS AND JOSE
MERCADO, in their own right
1837 East Tioga Street
Philadelphia, Pennsylvania  19134
                            And
2111North Howard Street
Philadelphia, Pennsylvania  19122
                                Plaintiffs
                        vs.
TAMEKA P. LAFAYETTE, M.D.
c/o MARIA DE LOS SANTOS HEALTH CENTER
401-55 West Allegheny Avenue
Philadelphia, Pennsylvania  19133
                        And
DELAWARE VALLEY COMMUNITY HEALTH,
INC., t/a MARIA DE LOS SANTOS HEALTH
CENTER
401-55 West Allegheny Avenue
Philadelphia, Pennsylvania  19133
                        And
SHWETHA S. SHRIVATSA, M.D.
462 North 6th Street
Philadelphia, Pennsylvania  19123
                        And
TEMPLE PHYSICIANS, INC.
2540 West Hunting Park Avenue
Philadelphia, Pennsylvania  19129
                        And
TEMPLE UNIVERSITY HOSPITAL, INC.
3509 North Broad Street
9th Floor
Philadelphia, Pennsylvania  19140
                        And
TEMPLE UNIVERSITY HEALTH SYSTEM, INC.
3509 North Broad Street, 9th Floor
Philadelphia, Pennsylvania  19140
                        Defendants

COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY

TERM, 2016

NO.

CIVIL ACTION

JURY TRIAL DEMANDED

## "NOTICE

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you buy the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

**Lawyer Referral Service**
**1 Reading Center**
**Philadelphia, PA 19107**
**(215) 238-6333**

## "AVISO

"Le han demandado a usted en la corte. Si, usted quiere defenderse de estas demandas expuetas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con tadas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTA. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO. SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO."

**Servicio De Referencia E Informacion Legal**
**1 Reading Center**
**Filadelfia, PA 19107**
**(215) 238-6333**

## CIVIL ACTION – COMPLAINT
## MEDICAL PROFESSIONAL LIABILITY ACTION

Plaintiff,                          , a minor ("Minor-Plaintiff"), by and through his

parents and natural guardians, Ana M. Ramos and Jose Mercado and Ana M. Ramos and Jose

Mercado, in their own right, by and through their attorneys, Daniel Jeck, Esquire and Joshua B.

Schwartz, Esquire of Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C., files this

Complaint against Defendants, Tameka P. Lafayette, M.D. ("Dr. Lafayette"), Delaware Valley

Community Health, Inc. t/a Maria De Los Santos Health Center ("Delaware Valley" or "Maria

De Los Santos"), Shwetha S. Shrivatsa, M.D. ("Dr. Shrivatsa"), Temple Physicians, Inc. ("TPI"),

Temple University Hospital, Inc. ("Temple"), and Temple University Health System, Inc.

("Temple Health") (Dr. Lafayette, Delaware Valley or Maria De Los Santos, Dr. Shrivatsa, TPI,

Temple and Temple Health hereinafter collectively referred to as "Defendants") jointly and

severally, and states as follows:

1.    Minor-Plaintiff is a minor and resides with his mother and natural guardian,

Plaintiff, Ana M. Ramos, in the Commonwealth of Pennsylvania, Philadelphia County, at 1837

E. Tioga Street, Philadelphia, Pennsylvania  19134.

2.    Plaintiff, Ana M. Ramos, is an adult citizen residing in the Commonwealth of

Pennsylvania, Philadelphia County, at 1837 East Tioga Street, Philadelphia, Pennsylvania

19134.  Plaintiff, Ana M. Ramos is the mother of Minor-Plaintiff.

3.    Plaintiff, Jose Mercado, is an adult citizen residing in the Commonwealth of

Pennsylvania, Philadelphia County, at 2111 N. Howard Street, Philadelphia, Pennsylvania

19122.  Plaintiff, Jose Mercado is the father of Minor-Plaintiff.

4.      Dr. Lafayette, at all material times, was a physician licensed to practice medicine in the Commonwealth of Pennsylvania and who currently resides and/or conducts business at 401-55 West Allegheny Avenue, Philadelphia, Pennsylvania 19133.

5.      Delaware Valley, at all material times, was a hospital, corporation, institution, practice plan and/or association, licensed to provide health care services under the laws of the Commonwealth of Pennsylvania, and has a registered corporate address and/or regularly conducts its business within Philadelphia County at 401 W. Allegheny Avenue, Philadelphia, Pennsylvania 19133.

6.      At all material times, Delaware Valley acted individually and/or through its agents, servants and/or employees, ostensible or otherwise, including Dr. Lafayette, who were then and there engaged in Delaware Valley's business, acting within the course and scope of their employment for and on behalf of Delaware Valley.

7.      Dr. Shrivatsa, at all material times, was a physician licensed to practice medicine in the Commonwealth of Pennsylvania and who currently resides and/or conducts business at 462 North 6th Street, Philadelphia, Pennsylvania 19123.

8.      TPI, at all material times, is a hospital, corporation, institution, practice plan and/or association, licensed to provide health care services under the laws of the Commonwealth of Pennsylvania, and has a registered corporate address and/or regularly conducts its business within Philadelphia County at 2540 West Hunting Park Avenue, Philadelphia, PA 19129.

9.      At all material times, TPI acted individually and/or through its respective agents, representatives, servants and/or employees, ostensible or otherwise, who were then and there engaged in Defendant, Temple Physicians, Inc.'s business, acting within the course and scope of their employment for and on behalf of Defendant, Temple Physicians, Inc.

10.     Temple is a hospital, corporation, institution, practice plan and/or association, licensed to provide health care services under the laws of the Commonwealth of Pennsylvania, and has a registered corporate address and/or regularly conducts its business within Philadelphia County at 3509 N. Broad Street, 9th Floor, Philadelphia, PA 19140.

11.     At all material times, Temple acted individually and/or through its respective agents, representatives, servants and/or employees, ostensible or otherwise, who were then and there engaged in Temple's business, acting within the course and scope of their employment for and on behalf of Temple.

12.     Temple Health is a hospital, corporation, institution, practice plan and/or association, licensed to provide health care services under the laws of the Commonwealth of Pennsylvania, and has a registered corporate address and/or regularly conducts its business within Philadelphia County at 3509 N. Broad Street, 9th Floor, Philadelphia, PA 19140.

13.     At all material times, Temple Health, acted individually and/or through its respective agents, representatives, servants and/or employees, ostensible or otherwise, who were then and there engaged in Temple Health's business, acting within the course and scope of their employment for and on behalf of Temple Health.

14.     At all material times, Dr. Lafayette was the employee, ostensible or otherwise, of Delaware Valley and, as such, Delaware Valley remains vicariously liable for the negligent acts and/or omissions of Dr. Lafayette.

15.     At all material times, Dr. Shrivatsa was the employee of either TPI, Temple and/or Temple Health and, as such, either TPI, Temple and/or Temple Health remain vicariously liable for the negligent acts and/or omissions of Dr. Shrivatsa.

16.     All the acts alleged to have been done or not to have been done by Defendants were done or were not done by Defendants, their agents, servants and/or employees, ostensible or otherwise.

17.     On or about March 13, 2014, Plaintiff, Ana M. Ramos, 37 year old, G6P5004, presented to Delaware Valley for her initial visit for prenatal care at approximately 14 weeks gestation.  Plaintiff, Ana M. Ramos' obstetrical history revealed five previous spontaneous vaginal deliveries all at full term with three previous male babies weighing from 7 lbs. 12 ozs. to 9 lbs. 5 ozs. at the time of delivery.  Her pregravid weight was 220 lbs.  Her medical history was significant for seizure disorder.  She was also documented to be of advanced maternal age.

18.     Plaintiff, Ana M. Ramos, continued her prenatal care with Delaware Valley.  She underwent ultrasound examinations on May 1, 2014, July 21, 2014 and July 28, 2014.  All of these ultrasounds were read, interpreted and/or relied upon by agents and/or employees of Delaware Valley.

19.     Plaintiff, Ana M. Ramos, presented to Delaware Valley for prenatal care on July 21, 2014 where she was seen and examined by Dr. Lafayette.  This was a routine prenatal exam with the exception of having been recently diagnosed with mild preeclampsia.  On that date, her weight was 239.8 lbs. and her estimated gestational age was 34 weeks, 3 days.  There was trace protein seen in her urine and Dr. Lafayette ordered a one hour glucose tolerance test that was drawn that date.

20.     The testing for the one-hour glucose tolerance was performed at LabCorp in Raritan, New Jersey.  The results were reported as abnormal at 201 mg/dL.

21.     Also, on the date of her last prenatal visit, July 21, 2014, an ultrasound was performed at approximately 2:28 p.m. which was read, interpreted and/or relied upon by the health care providers at Delaware Valley.

22.     At no time subsequent to the prenatal visit on July 21, 2014, through her labor and delivery on August 6, 2014, did any of the health care providers from Delaware Valley, including Dr. Lafayette, contact Plaintiff, Ana M. Ramos, to explain the risks of macrosomia to Plaintiff, Ana M. Ramos or Plaintiff, Jose Mercado, due to her previous pregnancy history and gestational diabetes.

23.     Following the July 21, 2014 prenatal visit, another ultrasound was performed, ten days later, on July 31, 2014. This ultrasound was read, interpreted and/or relied upon by the health care providers at Delaware Valley. Again, following this ultrasound, no one from Delaware Valley advised Plaintiff, Ana M. Ramos, of the possibility of macrosomia due to findings on the ultrasound, recent lab tests results and risks involved with proceeding with a vaginal delivery of a large infant including the possibility of shoulder dystocia and potential neurological injury to the baby.

24.     On                 , Plaintiff, Ana M. Ramos, presented to Temple Hospital at or about 2:38 p.m. with complaints of headache, loss of mucus plug and pressure in her lower abdomen. An initial obstetrical history and internal physical examination was obtained and performed. Her cervix was noted to be 5 to 6 cms. dilated, 70% effaced, minus three station. The fetal presentation, according to ultrasound, was cephalic with an anterior placenta. Gestational age was estimated at 36 weeks, 3 days and Plaintiff, Ana M. Ramos was admitted to the Labor and Delivery floor with a diagnosis of intrauterine pregnancy/preterm labor with mild preeclampsia.

25.     Plaintiff, Ana M. Ramos was administered Nubain approximately one hour prior to delivery and her labor was augmented with Pitocin.

26.     On                    , at or about 11:42 p.m., Dr. Shrivatsa, with the assistance of residents, Todd A. Sterns, M.D. and Lauren Malamara, M.D., delivered Minor-Plaintiff via vaginal delivery. The records document that the delivery of Minor-Plaintiff was complicated by shoulder dystocia; more specifically, that after the infant's head was delivered through the vaginal opening, the anterior shoulder was noted to be lodged and stuck underneath the mother's pubic symphysis.

27.     Dr. Shrivatsa applied traction to the head and shoulders in order to deliver Minor-Plaintiff prior to attempting rotational maneuvers to dislodge the shoulder and deliver the anterior shoulder and the rest of the body.

28.     On arrival to the warm bed, Minor-Plaintiff was noted to be limp with no movement or respiratory effort. Minor-Plaintiff was intubated with a 3.5 endotracheal tube and he improved in color, tone and heart rate. Minor-Plaintiff started to breathe spontaneously around five minutes of life and the endotracheal tube was removed and he was placed on C-Pap. Minor-Plaintiff gradually started to move both lower extremities and was transferred to the Infant Intensive Care Unit.

29.     According to his neurological examination, Minor-Plaintiff was noted to have full movement of the left upper extremity with no movement of the right upper extremity. Orthopedics was consulted and Minor-Plaintiff received a diagnosis of right brachial plexus injury/palsy. Plaintiffs have been advised that this condition is permanent.

30.   At all material times, Defendants owed a duty to Plaintiffs to render reasonable medical care and attention to Minor-Plaintiff and to avoid harm to him which duty was breached by Defendants as more particularly hereinafter set forth at length.

31.   All of the acts alleged to have been done or not to have been done were done or not been done by Defendants, their agents, servants and/or employees.

32.   At all material times, Plaintiffs acted reasonably and did not do or fail to do anything that resulted in harm to Minor-Plaintiff.

33.   As a result of the negligence and carelessness of the Defendants, as more particularly hereinafter set forth, Minor-Plaintiff suffered an injury to his brachial plexus, Erbs Palsy, weakness and paralysis of the right upper extremity and other extensive neurological damage including, but not limited to, denervation and right upper extremity palsy.  Plaintiffs have been advised that some or all of these conditions are permanent.

34.   The negligence of the Defendants as more particularly hereinafter set forth, increased the risk of harm to Minor-Plaintiff and was a factual cause of serious and permanent harm to Minor-Plaintiff.

35.   At all material times, Defendants were licensed health care providers who provided the aforementioned care and treatment to Minor-Plaintiff and to his mother, Plaintiff, Ana M. Ramos, in Philadelphia County, Pennsylvania.  Plaintiffs are asserting a professional liability claim against all Defendants.

### COUNT I – NEGLIGENCE
### PLAINTIFFS V. DEFENDANT, TAMEKA P. LAFAYETTE, M.D.

36.   Plaintiffs incorporate, by reference, all of the allegations of the foregoing paragraphs as if fully set forth at length herein.

37.     At all material times, Dr. Lafayette undertook and/or assumed a duty to render reasonable, proper, adequate and appropriate medical care to Plaintiff, Ana M. Ramos and, consequently, to Minor-Plaintiff and to avoid harm to them which duty Dr. Lafayette breached.

38.     At all material times, Plaintiff, Ana M. Ramos and Jose Mercado, relied on the medical knowledge, treatment and advice of Dr. Lafayette to her great detriment and harm.

39.     The carelessness and negligence of Dr. Lafayette, with respect to the medical care provided to Plaintiff, Ana M. Ramos, which is more particularly set forth hereinafter, increased the risk and was a factual cause of harm sustained by Minor-Plaintiff.

40.     Dr. Lafayette, acting by and through her agents, ostensible agents, representatives, servants and/or employees, was careless and negligent and her care was substandard in the following respects:

a.     Failing to offer/proceed with Cesarean section delivery;

b.     Failing to diagnose macrosomia;

c.     Failing appropriately to counsel Plaintiff, Ana M. Ramos regarding the risks of vaginal delivery;

d.     Failing appropriately to read/interpret fetal ultrasound(s);

e.     Underappreciating fetal measurements;

f.     Failing to repeat fetal ultrasound in a timely fashion;

g.     Failing to place Plaintiff, Ana M. Ramos, at high risk for a shoulder dystocia delivery;

h.     Underestimating fetal weight and the size of the baby;

i.     Failing appropriately to diagnose and treat gestational diabetes in a timely fashion;

j.     Failing to appreciate the significance of gestational diabetes and maternal hyperglycemia as it relates to macrosomia and the potential for a shoulder dystocia delivery;

k.     Failing to follow-up on blood test results in a timely fashion;

l.  Failing timely to forward results of the one-hour glucose tolerance test to the Temple Labor & Delivery Department;

m.  Failing appropriately and properly to communicate with health care providers at Temple regarding her patient, Plaintiff, Ana M. Ramos, as it relates to lab test results, including a one-hour glucose tolerance test, results from fetal ultrasounds and the potential for macrosomia and a shoulder dystocia delivery;

n.  Failing promptly and properly to order and/or arrange for delivery of Minor-Plaintiff by operative delivery;

o.  Failing appropriately and properly to communicate with Plaintiff, Ana M. Ramos' treating obstetricians while she was undergoing labor at Temple Hospital regarding the possibility for shoulder dystocia delivery; and,

p.  Failure to diagnose polyhydramnios.

41.   Dr. Lafayette, through her negligence and carelessness, increased the risk of harm to Minor-Plaintiff as set forth in paragraphs a through p, above.

42.   The above-referenced condition of Minor-Plaintiff and the injuries, losses and damages he suffered as a result thereof, were factually and proximately caused by the negligence of Dr. Lafayette, her agents, servants, and/or employees, as set forth herein.

43.   As a result of the negligent conduct as set forth above, Minor-Plaintiff, has sustained serious and permanent injuries including, but not limited to, brachial plexus injury, Erbs Palsy, weakness and paralysis of the right upper extremity and other neurological damage including, but not limited to, denervation and right upper extremity palsy,  as well as a severe shock to his nerves and nervous system, all of which has caused him severe pain and suffering and has and will prevent her from attending to his usual daily duties and activities causing a loss of earnings and earning power and forcing him and his parents to spend money and incur financial obligations in an effort to effect a cure for the injuries aforementioned, all of which Minor-Plaintiff's mother, Ana M. Ramos and his father, Plaintiff, Jose Mercado, have been advised are or may be permanent.

44.     As a result of the negligent conduct as set forth above, Minor-Plaintiff has and will in the future suffer pain, anxiety, depression, severe shock and other physical, psychological and emotional injuries and upset, the full extent of which is not yet known, and all of which are permanent in nature.

45.     As  a result of the negligent conduct as set forth above, Minor-Plaintiff has in the past undergone and will in the future undergo great pain, suffering, embarrassment, bodily deformation and disfigurement, disability, loss of life's pleasures, loss of wellbeing, inability to engage in normal activities, duties, applications and occupations, and has required and will require substantial expenditures for education, therapy, medicine, medical and surgical care, testing, hospitalization, rehabilitation and other health care treatment.

WHERFORE, Minor Plaintiff,                          , by and through his parents and natural guardians, Ana M. Ramos and Jose Mercado and Ana M. Ramos and Jose Mercado, in their own right, claim of the Defendants, jointly and severally, a sum in excess of Fifty Thousand ($50,000.00) Dollars in compensatory damages with lawful interest thereon and costs of suit and brings this action to recover the same.  The sum sued upon is for an amount that does not require submission to arbitration.

## COUNT II – NEGLIGENCE
## PLAINTIFFS V. DEFENDANT, DELAWARE VALLEY COMMUNITY HEALTH, INC. T/A MARIA DE LOS SANTOS HEALTH CENTER

46.     Plaintiffs incorporate, by reference, all of the allegations of the foregoing paragraphs as if fully set forth at length herein.

47.     Delaware Valley, through their agents, servants and/or employees, ostensible or otherwise and, in particular, those health care providers who were responsible for communicating the results of the one hour glucose tolerance test collected on July 21, 2014 to Plaintiff, Ana M. Ramos' health care providers at either Delaware Valley and/or Temple, as well

as any/all health care providers-agents who read, interpreted and were responsible for communicating the results of all ultrasound examinations performed during the prenatal care provided to Plaintiff, Ana M. Ramos in 2014, at all times, undertook and/or assumed a duty to render reasonable, proper, adequate and appropriate medical care to Plaintiff, Ana M. Ramos and to Minor-Plaintiff and to avoid harm to them which duty these agents, servants and/or employees, ostensible or otherwise breached.

48.    At all material times, Plaintiffs, Ana M. Ramos and Jose Mercado relied on the medical knowledge, treatment and advice of the agents, servants and/or employees of Delaware Valley to their great detriment and harm.

49.    The carelessness and negligence of Delaware Valley, their agents, servants and/or employees, with respect to the medical care they provided to Plaintiff, Ana M. Ramos, which is more particularly set forth hereinafter, increased the risk of harm and was a factual cause of harm sustained by Minor-Plaintiff.

50.    Delaware Valley, acting through their agents, ostensible agents, representatives, servants and/or employees, was careless and negligent, and their care was substandard in the following respects:

        a.     Improperly interpreting fetal ultrasound(s);

        b.     Failing to diagnose macrosomia;

        c.     Failing appropriately to counsel Plaintiff, Ana M. Ramos, regarding the risks of vaginal delivery;

        d.     Underappreciating fetal measurements on ultrasound examination;

        e.     Failing to repeat fetal ultrasound in a timely fashion;

        f.     Failing to communicate ultrasound results to Temple Hospital;

        g.     Failing to place Plaintiff, Ana M. Ramos, at high risk for a shoulder dystocia delivery;

h. Underestimating fetal weight and the size of the baby;

i. Failure to diagnose polyhydramnios;

j. Failing appropriately to diagnose and treat gestational diabetes;

k. Failing appropriately to communicate with the health care providers at Temple Hospital regarding Plaintiff's diagnosis of gestational diabetes;

l. Failing to forward lab results including a one-hour blood glucose screen drawn on July 21, 2014 to the Temple Hospital Labor & Delivery Department;

m. Failing to appreciate the significance of gestational diabetes as it relates to macrosomia and the potential for shoulder dystocia delivery;

n. Failing promptly and properly to seek assistance to evaluate, assess and respond to ultrasounds concerning Minor-Plaintiff; and,

o. Failing timely and appropriately to consult with attending Ob/Gyns regarding the results of the one-hour blood glucose testing and/or ultrasound examinations.

51. Delaware Valley, through their negligence and carelessness, increased the risk of harm to Minor Plaintiff as a result of the negligence and carelessness as set forth in paragraphs a through o, above.

52. The above-referenced condition of Minor-Plaintiff and the injuries, losses and damages he suffered as a result thereof, were factually and proximately caused by the negligence of Delaware Valley, their agents, servants, and/or employees, as set forth herein.

53. As a result of the negligent conduct as set forth above, Minor-Plaintiff, has sustained serious and permanent injuries including, but not limited to, brachial plexus injury, Erbs Palsy, weakness and paralysis of the right upper extremity and other neurological damage including, but not limited to, denervation and right upper extremity palsy, as well as a severe shock to his nerves and nervous system, all of which has caused him severe pain and suffering and has and will prevent him from attending to his usual daily duties and activities causing a loss of earnings and earning power and forcing him and his parents to spend money and incur

obligations in an effort to effect a cure for the injuries aforementioned, all of which Minor-Plaintiff's mother, Ana M. Ramos, and his father, Plaintiff, Jose Mercado, have been advised are or may be permanent.

54.     As a result of the negligent conduct as set forth above, Minor-Plaintiff has and will in the future suffer pain, anxiety, depression, severe shock and other physical, psychological and emotional injuries and upset, the full extent of which is not yet known, and all of which are permanent in nature.

55.     As a result of the negligent conduct as set forth above, Minor-Plaintiff has in the past undergone and will in the future undergo great pain, suffering, embarrassment, bodily deformation and disfigurement, disability, loss of life's pleasures, loss of wellbeing, inability to engage in normal activities, duties, applications and occupations, and has required and will require substantial expenditures for education, therapy, medicine, medical and surgical care, testing, hospitalization, rehabilitation and other health care treatment.

WHEREFORE, Minor Plaintiff,                    , by and through his parents and natural guardians, Ana M. Ramos and Jose Mercado, and Ana M. Ramos and Jose Mercado, in their own right, claim of the Defendants, jointly and severally, a sum in excess of Fifty Thousand ($50,000.00) Dollars in compensatory damages with lawful interest thereon and costs of suit and brings this action to recover the same. The sum sued upon is for an amount that does not require submission to arbitration.

## COUNT III – NEGLIGENCE
## PLAINTIFFS VS. DEFENDANT, SHWETHA S. SHRIVATSA, M.D.

56.     Plaintiffs incorporate, by reference, all of the allegations of the foregoing paragraphs as if fully set forth at length herein.

57.     Dr. Shirvasta, at all times, undertook and/or assumed the duty to render reasonable, proper, adequate and appropriate medical care to Plaintiff, Ana M. Ramos and, consequently to Minor-Plaintiff and to avoid harm to them which duty Dr. Shirvasta breached.

58.     At all material times, Plaintiffs, Ana M. Ramos and Jose Mercado, relied on the medical knowledge, treatment and advice of Dr. Shirvasta to their great detriment and loss.

59.     The carelessness and negligence of Dr. Shirvasta with respect to the medical care provided to Plaintiff, Ana M. Ramos, which is more particularly set forth hereinafter, increased the risk of harm and was a factual cause of harm sustained by Minor- Plaintiff.

60.     Dr. Shirvasta, acting individually or by and through her agents, ostensible agents, representatives, servants and/or employees, was careless and negligent and her care was substandard in the following respects:

a.    Negligently applying excessive pressure during the delivery of Minor-Plaintiff;

b.    Negligently using excessive traction and force during the delivery of Minor-Plaintiff;

c.    Failure to attempt to perform a vacuum extraction delivery;

d.    Failing to appreciate that Plaintiff, Ana M. Ramos was at high risk for a shoulder dystocia delivery;

e.    Failing to diagnose macrosomia prior to delivery;

f.    Failing appropriately to read and interpret ultrasounds;

g.    Failing to appreciate that Plaintiff, Ana M. Ramos had gestational diabetes as it relates to macrosomia and the potential for a shoulder dystocia delivery;

h.    Failing timely to perform the delivery;

i.    Negligently injuring the brachial plexus during delivery;

j.    Failing to take appropriate steps to prevent a brachial plexus injury;

k.      Failing to perform appropriate maneuvers to free the impacted shoulder at delivery;

l.      Underestimating the fetal weight and size of the baby;

m.     Failure to diagnose polyhydramnios;

n.      Failing to perform the appropriate maneuvers in the appropriate order to free the impacted shoulder;

o.      Failing timely to order and perform a C-section delivery;

p.      Failing appropriately to appreciate the size and weight of Minor-Plaintiff prior to attempting and during the vaginal delivery; and,

q.      Giving Plaintiffs, Ana M. Ramos and Jose Mercado insufficient, inaccurate and/or misleading information, advice and instructions concerning the efficacy of a vaginal delivery as opposed to other types of delivery with respect to the potential for shoulder dystocia.

61.     Dr. Shrivatsa, through her negligence and carelessness, increased the risk of harm to Minor-Plaintiff as a result of the negligence and carelessness as set forth in paragraphs a through o, above.

62.     The above-referenced condition of Minor-Plaintiff and the injuries, losses and damages he suffered as a result thereof, were factually and proximately caused by the negligence of Dr. Shrivatsa, her agents, servants, and/or employees, as set forth herein.

63.     As a result of the negligent conduct as set forth above, Minor-Plaintiff, has sustained serious and permanent injuries including, but not limited to, brachial plexus injury, Erbs Palsy, weakness and paralysis of the right upper extremity and other neurological damage including, but not limited to, denervation and right upper extremity palsy, as well as a severe shock to his nerves and nervous system, all of which has caused him severe pain and suffering and has and will prevent him from attending to his usual daily duties and activities causing a loss of earnings and earning power and forcing him and his parents to spend money and incur obligations in an effort to effect a cure for the injuries aforementioned, all of which Minor-

Plaintiff's mother, Ana M. Ramos, and his father, Jose Mercado, have been advised are or may be permanent.

64.     As a result of the negligent conduct as set forth above, Minor-Plaintiff has and will in the future suffer pain, anxiety, depression, severe shock and other physical, psychological and emotional injuries and upset, the full extent of which is not yet known, and all of which are permanent in nature.

65.     As a result of the negligent conduct as set forth above, Minor-Plaintiff has in the past undergone and will in the future undergo great pain, suffering, embarrassment, bodily deformation and disfigurement, disability, loss of life's pleasures, loss of wellbeing, inability to engage in normal activities, duties, applications and occupati Negligently applying excessive pressure during the delivery of Minor-Plaintiff;

WHERFORE, Minor Plaintiff,                    , by and through his parents and natural guardians, Ana M. Ramos and Jose Mercado and Ana M. Ramos and Jose Mercado, in their own right, claim of the Defendants, jointly and severally, a sum in excess of Fifty Thousand ($50,000.00) Dollars in compensatory damages with lawful interest thereon and costs of suit and brings this action to recover the same.  The sum sued upon is for an amount that does not require submission to arbitration.

## COUNT IV – NEGLIGENCE
## PLAINTIFFS VS. DEFENDANT, TEMPLE PHYSICIANS, INC.

66.     Plaintiffs incorporate by reference all of the allegations of the foregoing paragraphs as if fully set forth at length herein.

67.     At all material times, Dr. Shrivatsa was the actual and/or ostensible employee of TPI and, therefore, TPI is liable to Minor-Plaintiff for the negligent acts and/or omissions of their employee, Dr. Shirvasta, under respondeat superior liability.

WHEREFORE, Minor Plaintiff,                    , by and through his parents and

natural guardians, Ana M. Ramos and Jose Mercado and Ana M. Ramos and Jose Mercado, in

their own right, claim of the Defendants, jointly and severally, in excess of Fifty Thousand

($50,000.00) Dollars in compensatory damages with lawful interest thereon and costs of suit and

brings this action to recover the same.  The sum sued upon is for an amount that does not require

submission to arbitration.

### COUNT V – NEGLIGENCE
### PLAINTIFFS VS. DEFENDANT, TEMPLE UNIVERSITY HOSPITAL, INC. AND TEMPLE UNIVERSITY HEALTH SYSTEM, INC.

68.     Plaintiffs incorporate by reference all of the allegations of the foregoing

paragraphs as if fully set forth at length herein.

69.     Temple and/or Temple Health, through their agents, servants and/or employees,

ostensible or otherwise and, in particular, those health care providers who provided obstetrical

care for Ana M. Ramos on or about August 5, 2014 through the time of her delivery, at all times,

undertook and/or assumed the duty to render reasonable, proper, adequate and appropriate

medical care to Ana M. Ramos and to Minor-Plaintiff and to avoid harm to them, which duty

these agents, servants and/or employees, ostensible or otherwise breached.

70.     The carelessness and negligence of Temple and/or Temple Health with respect to

the medical care provided to Ana M. Ramos which is more particularly set forth hereinafter,

increased the risk of harm and was a factual cause of harm sustained by Minor- Plaintiff.

71.     Temple and/or Temple Health, acting by and through her agents, ostensible

agents, representatives, servants and/or employees, was careless and negligent and their care was

substandard in the following respects:

a.     Failing promptly and properly to deliver Minor-Plaintiff;

b.  Failing promptly and properly to order and/or deliver Minor-Plaintiff by operative delivery;

c.  Failing promptly and properly to monitor and evaluate Ana M. Ramos' labor with Minor-Plaintiff;

d.  Failing to promptly and properly evaluate and access the clinical signs and symptoms of a potential shoulder dystocia delivery concerning Minor-Plaintiff;

e.  Failing to obtain and review prenatal blood test results confirming gestational diabetes;

f.  Failing to diagnose fetal macrosomia;

g.  Failing to diagnose polyhydramnios;

h.  Underestimating fetal weight and size;

i.  Negligently applying excessive pressure during the delivery of Minor-Plaintiff;

j.  Negligently using excessive traction and force during the delivery of Minor-Plaintiff;

k.  Failure to attempt to perform a vacuum extraction delivery;

l.  Failing to appreciate that Plaintiff, Ana M. Ramos was at high risk for shoulder dystocia delivery;

m.  Failing to diagnose macrosomia prior to delivery;

n.  Failing appropriately to read and interpret ultrasounds;

o.  Failing to appreciate that Plaintiff, Ana M. Ramos had gestational diabetes;

p.  Failing timely to perform the delivery;

q.  Negligently injuring the brachial plexus during delivery;

r.  Failing to take appropriate steps to prevent a brachial plexus injury;

s.  Failing to perform appropriate maneuvers to free the impacted shoulder at delivery;

t.  Failing to perform the appropriate maneuvers in the appropriate order to free the impacted shoulder upon delivery;

u.      Failing timely to order and perform a C-section delivery;

v.      Failing appropriately to appreciate the size and weight of Minor-Plaintiff prior to attempting and during the vaginal delivery; and,

w.     Giving Plaintiffs, Ana M. Ramos and Jose Mercado insufficient, inaccurate and/or misleading information, advice and instructions concerning the efficacy of a vaginal delivery as opposed to other types of delivery with respect to the potential for shoulder dystocia.

72.    Temple and/or Temple Health, through their negligence and carelessness, increased the risk of harm to Minor-Plaintiff as a result of the negligence and carelessness as set forth in paragraphs (a) through (w), above.

73.    The above-referenced condition of Minor-Plaintiff and the injuries, losses and damages he suffered as a result thereof, were factually and proximately caused by the negligence of Temple and/or Temple Health, their agents, servants, and/or employees, as set forth herein.

74.    As a result of the negligent conduct as set forth above, Minor-Plaintiff, has sustained serious and permanent injuries including, but not limited to, brachial plexus, Erbs Palsy, weakness and paralysis of the right upper extremity and other neurological damage including, but not limited to, denervation and right upper extremity palsy, as well as a severe shock to his nerves and nervous system, all of which has caused him severe pain and suffering and has prevented him from attending to his usual daily duties and activities causing a loss of earnings and earning power and forcing him and his parents to spend money and incur obligations in an effort to effect a cure for the injuries aforementioned, all of which Minor-Plaintiff's mother, Ana M. Ramos, has been advised are or may be permanent.

75.    As a result of the negligent conduct as set forth above, Minor-Plaintiff has and will in the future suffer pain, anxiety, depression, severe shock and other physical, psychological and emotional injuries and upset, the full extent of which is not yet known, and all of which are permanent in nature.

76.     As  a result of the negligent conduct as set forth above, Minor-Plaintiff has in the

past undergone and will in the future undergo great pain, suffering, embarrassment, bodily

deformation and disfigurement, disability, loss of life's pleasures, loss of wellbeing, inability to

engage in normal activities, duties, applications and occupations, and has required and will

require substantial expenditures for education, therapy, medicine, medical and surgical care,

testing, hospitalization, rehabilitation and other health care treatment.

WHEREFORE, Minor Plaintiff,                          , by and through his parents and

natural guardians, Ana M. Ramos and Jose Mercado and Ana M. Ramos and Jose Mercado, in

their own right, claim of the Defendants, jointly and severally, in excess of Fifty Thousand

($50,000.00) Dollars, in compensatory damages with lawful interest thereon and costs of suit and

brings this action to recover the same.  The sum sued upon is for an amount that does not require

submission to arbitration.

## COUNT V – PLAINTIFFS VS. ALL DEFENDANTS

77.     Plaintiffs incorporate by reference all of the allegations of the foregoing

paragraphs as if fully set forth at length herein.

78.     Plaintiffs, Ana M. Ramos and Jose Mercado, in their own right, bring this action

against Defendants in order to recover for all health care costs that have been incurred and will

be incurred as a result of Defendants' negligence during the period of Minor-Plaintiff's minority

as well as for the loss of the society, comfort and services of the minor for the period his

minority.

WHEREFORE, Minor Plaintiff,                          , by and through his parents and

natural guardians, Ana M. Ramos and Jose Mercado and Ana M. Ramos and Jose Mercado, in

their own right, claim of the Defendants, jointly and severally, in excess of Fifty Thousand

($50,000.00) Dollars, in compensatory damages with lawful interest thereon and costs of suit and

brings this action to recover the same.  The sum sued upon is for an amount that does not require submission to arbitration.

Respectfully submitted,

EISENBERG, ROTHWEILER
WINKLER, EISENBERG & JECK, P.C.

BY: _____

Daniel Jeck, Esquire
Joshua B. Schwartz, Esquire
Attorneys for Plaintiffs

## **VERIFICATION**

Daniel Jeck, Esquire, verifies that he is an attorney for the Plaintiff(s) in the foregoing action and that the facts set forth in the foregoing pleading are true and correct to the best of his knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

Date: 5/23/16

Daniel Jeck, Esquire

EISENBERG, ROTHWEILER,
WINKLER, EISENBERG & JECK, P.C.
BY:   Daniel Jeck, Esquire
      Joshua B. Schwartz, Esquire
ATTORNEY I.D. 67454/210208
1634 Spruce Street
Philadelphia, PA 19103
(215) 546-6636

**ATTORNEYS FOR: PLAINTIFFS**
**THIS IS NOT AN ARBITRATION**
**MATTER.**

Filed and Attested by the
Office of Judicial Records
25 MAY 2016 11:16 am
E. MASCUILLI

, a minor, by and through his
parents and natural guardians, ANA M. RAMOS and
JOSE MERCADO, and ANA M. RAMOS AND JOSE
MERCADO, in their own right
1837 East Tioga Street
Philadelphia, Pennsylvania  19134
                        And
2111 North Howard Street
Philadelphia, Pennsylvania  19122
                        Plaintiffs

                        vs.

TAMEKA P. LAFAYETTE, M.D.
c/o MARIA DE LOS SANTOS HEALTH CENTER
401-55 West Allegheny Avenue
Philadelphia, Pennsylvania  19133
                        And
DELAWARE VALLEY COMMUNITY HEALTH,
INC., t/a MARIA DE LOS SANTOS HEALTH
CENTER
401-55 West Allegheny Avenue
Philadelphia, Pennsylvania  19133
                        And
SHWETHA S. SHRIVATSA, M.D.
462 N. 6th Street
Philadelphia, Pennsylvania  19123
                        And
TEMPLE PHYSICIANS, INC.
2540 W. Hunting Park Avenue
Philadelphia, Pennsylvania  19129
                        And
TEMPLE UNIVERSITY HOSPITAL, INC.
3509 North Broad Street
9th Floor
Philadelphia, Pennsylvania  19140
                        And
TEMPLE UNIVERSITY HEALTH SYSTEM, INC.
3509 North Broad Street, 9th Floor
Philadelphia, Pennsylvania  19140
                        Defendants

COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY

TERM, 2016

NO.

CIVIL ACTION

JURY TRIAL DEMANDED

## CERTIFICATE OF MERIT AS TO
## DEFENDANT, TAMEKA P. LAFAYETTE, M.D.

I, Daniel Jeck, Esquire, certify that:

X       an appropriate licensed professional(s) has supplied a written statement(s) to the

undersigned that there is a basis to conclude that the care, skill or knowledge exercised or

exhibited by this Defendant in the treatment, practice or work that is the subject matter of the

Complaint, fell outside acceptable professional standards and that such conduct was a cause in

bringing about the harm;

AND/OR


_____ the claim that this Defendant deviated from an acceptable professional standard is based

solely on allegations that other licensed professionals for whom this Defendant is responsible

deviated from an acceptable professional standards and  an appropriate license professional(s)

has supplied a written statement(s) to the undersigned that there is a basis to conclude that the

care, skill or knowledge exercised or exhibited by the other licensed professionals in the

treatment, practice or work that is the subject of the Complaint, fell outside acceptable

professional standards and that such conduct was a cause in bringing about the harm;

OR

___expert testimony of an appropriate licensed professional is unnecessary for prosecution of the

claim against this Defendant.

EISENBERG, ROTHWEILER,
WINKLER, EISENBERG & JECK, P.C.

BY: _____
        Daniel Jeck, Esquire
        Joshua B. Schwartz, Esquire
        Attorneys for Plaintiffs

DATE: 5/13/16

**EISENBERG, ROTHWEILER,**
**WINKLER, EISENBERG & JECK, P.C.**
**BY:    Daniel Jeck, Esquire**
        **Joshua B. Schwartz, Esquire**
**ATTORNEY I.D. 67454/210208**
**1634 Spruce Street**
**Philadelphia, PA 19103**
**(215) 546-6636**

**ATTORNEYS FOR: PLAINTIFFS**
**THIS IS NOT AN ARBITRATION**
**MATTER.**

Filed and Attested by the
Office of Judicial Records
23 MAY 2016 11:19 am
E. MASCIOLI

, a minor, by and through his
parents and natural guardians, ANA M. RAMOS and
JOSE MERCADO, and ANA M. RAMOS AND JOSE
MERCADO, in their own right
1837 East Tioga Street
Philadelphia, Pennsylvania  19134
               And
2111North Howard Street
Philadelphia, Pennsylvania  19122
                       Plaintiffs
            vs.
TAMEKA P. LAFAYETTE, M.D.
c/o MARIA DE LOS SANTOS HEALTH CENTER
401-55 West Allegheny Avenue
Philadelphia, Pennsylvania  19133
               And
DELAWARE VALLEY COMMUNITY HEALTH,
INC., t/a MARIA DE LOS SANTOS HEALTH
CENTER
401-55 West Allegheny Avenue
Philadelphia, Pennsylvania  19133
               And
SHWETHA S. SHRIVATSA, M.D.
462 N. 6th Street
Philadelphia, Pennsylvania  19123
               And
TEMPLE PHYSICIANS, INC.
2540 W. Hunting Park Avenue
Philadelphia, Pennsylvania  19129
               And
TEMPLE UNIVERSITY HOSPITAL, INC.
3509 North Broad Street
9th Floor
Philadelphia, Pennsylvania  19140
               And
TEMPLE UNIVERSITY HEALTH SYSTEM, INC.
3509 North Broad Street, 9th Floor
Philadelphia, Pennsylvania  19140
                 Defendants

COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY

TERM, 2016

NO.

CIVIL ACTION

JURY TRIAL DEMANDED

### CERTIFICATE OF MERIT AS TO
### DEFENDANT, DELAWARE VALLEY COMMUNITY HEALTH  INC., t/a MARIA DE LOS SANTOS HEALTH CENTER

I, Daniel Jeck, Esquire, certify that:

__X____ an appropriate licensed professional(s) has supplied a written statement(s) to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this Defendant in the treatment, practice or work that is the subject matter of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

AND/OR


__X____ the claim that this Defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this Defendant is responsible deviated from an acceptable professional standards and  an appropriate license professional(s) has supplied a written statement(s) to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

____expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this Defendant.

**EISENBERG, ROTHWEILER,**
**WINKLER, EISENBERG & JECK, P.C.**

BY:_____
          **Daniel Jeck, Esquire**
          **Joshua B. Schwartz, Esquire**
          **Attorneys for Plaintiffs**

DATE: 5/23/16

**EISENBERG, ROTHWEILER,**
**WINKLER, EISENBERG & JECK, P.C.**
**BY:   Daniel Jeck, Esquire**
      **Joshua B. Schwartz, Esquire**
**ATTORNEY I.D. 67454/210208**
**1634 Spruce Street**
**Philadelphia, PA  19103**
**(215) 546-6636**

**ATTORNEYS FOR: PLAINTIFFS**
**THIS IS NOT AN ARBITRATION**
**MATTER.**

*Filed and Attested by the*
*Office of Judicial Records*
*25 MAY 2016 11:19 am*
*E. MASCUILLI*

_____, a minor, by and through his
parents and natural guardians, ANA M. RAMOS and
JOSE MERCADO, and ANA M. RAMOS AND JOSE
MERCADO, in their own right
1837 East Tioga Street
Philadelphia, Pennsylvania  19134
              And
2111North Howard Street
Philadelphia, Pennsylvania  19122
                  Plaintiffs

              vs.

TAMEKA P. LAFAYETTE, M.D.
c/o MARIA DE LOS SANTOS HEALTH CENTER
401-55 West Allegheny Avenue
Philadelphia, Pennsylvania  19133
              And
DELAWARE VALLEY COMMUNITY HEALTH,
INC., t/a MARIA DE LOS SANTOS HEALTH
CENTER
401-55 West Allegheny Avenue
Philadelphia, Pennsylvania  19133
              And
SHWETHA S. SHRIVATSA, M.D.
462 N. 6th Street
Philadelphia, Pennsylvania  19123
              And
TEMPLE PHYSICIANS, INC.
2540 W. Hunting Park Avenue
Philadelphia, Pennsylvania  19129
              And
TEMPLE UNIVERSITY HOSPITAL, INC.
3509 North Broad Street
9th Floor
Philadelphia, Pennsylvania  19140
              And
TEMPLE UNIVERSITY HEALTH SYSTEM, INC.
3509 North Broad Street, 9th Floor
Philadelphia, Pennsylvania  19140
              Defendants

COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY

            TERM, 2016

NO.

CIVIL ACTION

JURY TRIAL DEMANDED

## CERTIFICATE OF MERIT AS TO
## DEFENDANT, SHWETHA S. SHRIVATSA, M.D.

I, Daniel Jeck, Esquire, certify that:

X     an appropriate licensed professional(s) has supplied a written statement(s) to the

undersigned that there is a basis to conclude that the care, skill or knowledge exercised or

exhibited by this Defendant in the treatment, practice or work that is the subject matter of the

Complaint, fell outside acceptable professional standards and that such conduct was a cause in

bringing about the harm;

AND/OR

_____ the claim that this Defendant deviated from an acceptable professional standard is based

solely on allegations that other licensed professionals for whom this Defendant is responsible

deviated from an acceptable professional standards and  an appropriate license professional(s)

has supplied a written statement(s) to the undersigned that there is a basis to conclude that the

care, skill or knowledge exercised or exhibited by the other licensed professionals in the

treatment, practice or work that is the subject of the Complaint, fell outside acceptable

professional standards and that such conduct was a cause in bringing about the harm;

OR

_____expert testimony of an appropriate licensed professional is unnecessary for prosecution of the

claim against this Defendant.

EISENBERG, ROTHWEILER,
WINKLER, EISENBERG & JECK, P.C.

BY: _____
       Daniel Jeck, Esquire
       Joshua B. Schwartz, Esquire
       Attorneys for Plaintiffs

DATE: 5/19/16

**EISENBERG, ROTHWEILER,**
**WINKLER, EISENBERG & JECK, P.C.**
**BY:    Daniel Jeck, Esquire**
           **Joshua B. Schwartz, Esquire**
**ATTORNEY I.D. 67454/210208**
**1634 Spruce Street**
**Philadelphia, PA  19103**
**(215) 546-6636**

**ATTORNEYS FOR: PLAINTIFFS**
**THIS IS <u>NOT</u> AN ARBITRATION**
**MATTER.**

Filed and Attested by the
Office of Judicial Records
25 MAY 2016 11:18 am
E. MASQUELIER

_____, a minor, by and through his
parents and natural guardians, ANA M. RAMOS and
JOSE MERCADO, and ANA M. RAMOS AND JOSE
MERCADO, in their own right
1837 East Tioga Street
Philadelphia, Pennsylvania  19134
                              And
2111North Howard Street
Philadelphia, Pennsylvania  19122
                              Plaintiffs
                      vs.
TAMEKA P. LAFAYETTE, M.D.
c/o MARIA DE LOS SANTOS HEALTH CENTER
401-55 West Allegheny Avenue
Philadelphia, Pennsylvania  19133
                              And
DELAWARE VALLEY COMMUNITY HEALTH,
INC., t/a MARIA DE LOS SANTOS HEALTH
CENTER
401-55 West Allegheny Avenue
Philadelphia, Pennsylvania  19133
                              And
SHWETHA S. SHRIVATSA, M.D.
462 N. 6th Street
Philadelphia, Pennsylvania  19123
                              And
TEMPLE PHYSICIANS, INC.
2540 W. Hunting Park Avenue
Philadelphia, Pennsylvania  19129
                              And
TEMPLE UNIVERSITY HOSPITAL, INC.
3509 North Broad Street
9th Floor
Philadelphia, Pennsylvania  19140
                              And
TEMPLE UNIVERSITY HEALTH SYSTEM, INC.
3509 North Broad Street, 9th Floor
Philadelphia, Pennsylvania  19140
                              Defendants

COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY

TERM, 2016

NO.

CIVIL ACTION

JURY TRIAL DEMANDED

## CERTIFICATE OF MERIT AS TO
## DEFENDANT, TEMPLE PHYSICIANS, INC.

I, Daniel Jeck, Esquire, certify that:

  X    an appropriate licensed professional(s) has supplied a written statement(s) to the

undersigned that there is a basis to conclude that the care, skill or knowledge exercised or

exhibited by this Defendant in the treatment, practice or work that is the subject matter of the

Complaint, fell outside acceptable professional standards and that such conduct was a cause in

bringing about the harm;

AND/OR


  X     the claim that this Defendant deviated from an acceptable professional standard is based

solely on allegations that other licensed professionals for whom this Defendant is responsible

deviated from an acceptable professional standards and  an appropriate license professional(s)

has supplied a written statement(s) to the undersigned that there is a basis to conclude that the

care, skill or knowledge exercised or exhibited by the other licensed professionals in the

treatment, practice or work that is the subject of the Complaint, fell outside acceptable

professional standards and that such conduct was a cause in bringing about the harm;

OR

___expert testimony of an appropriate licensed professional is unnecessary for prosecution of the

claim against this Defendant.

EISENBERG, ROTHWEILER,
WINKLER, EISENBERG & JECK, P.C.

BY:_____
        Daniel Jeck, Esquire
        Joshua B. Schwartz, Esquire
        Attorneys for Plaintiffs

DATE:  6/23/16

. .   .

EISENBERG, ROTHWEILER,
WINKLER, EISENBERG & JECK, P.C.
BY:    Daniel Jeck, Esquire
       Joshua B. Schwartz, Esquire
ATTORNEY I.D. 67454/210208
1634 Spruce Street
Philadelphia, PA 19103
(215) 546-6636

**ATTORNEYS FOR: PLAINTIFFS**
**THIS IS <u>NOT</u> AN ARBITRATION**
**MATTER.**    Filed and Attested by the
               Office of Judicial Records
               23 MAR 2016 13:19 am
               M. MASCIULLI

_____ a minor, by and through his
parents and natural guardians, ANA M. RAMOS and
JOSE MERCADO, and ANA M. RAMOS AND JOSE
MERCADO, in their own right
1837 East Tioga Street
Philadelphia, Pennsylvania  19134
                    And
2111North Howard Street
Philadelphia, Pennsylvania  19122
                         Plaintiffs
                vs.
TAMEKA P. LAFAYETTE, M.D.
c/o MARIA DE LOS SANTOS HEALTH CENTER
401-55 West Allegheny Avenue
Philadelphia, Pennsylvania  19133
                    And
DELAWARE VALLEY COMMUNITY HEALTH,
INC., t/a MARIA DE LOS SANTOS HEALTH
CENTER
401-55 West Allegheny Avenue
Philadelphia, Pennsylvania  19133
                    And
SHWETHA S. SHRIVATSA, M.D.
462 N. 6th Street
Philadelphia, Pennsylvania  19123
                    And
TEMPLE PHYSICIANS, INC.
2540 W. Hunting Park Avenue
Philadelphia, Pennsylvania  19129
                    And
TEMPLE UNIVERSITY HOSPITAL, INC.
3509 North Broad Street
9th Floor
Philadelphia, Pennsylvania  19140
                    And
TEMPLE UNIVERSITY HEALTH SYSTEM, INC.
3509 North Broad Street, 9th Floor
Philadelphia, Pennsylvania  19140
                         Defendants

COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY

TERM, 2016

NO.

CIVIL ACTION

JURY TRIAL DEMANDED

## CERTIFICATE OF MERIT AS TO
## DEFENDANT, TEMPLE UNIVERSITY HOSPITAL, INC.

I, Daniel Jeck, Esquire, certify that:

___X___ an appropriate licensed professional(s) has supplied a written statement(s) to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this Defendant in the treatment, practice or work that is the subject matter of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

AND/OR


___X___ the claim that this Defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this Defendant is responsible deviated from an acceptable professional standards and  an appropriate license professional(s) has supplied a written statement(s) to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

____expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this Defendant.

EISENBERG, ROTHWEILER,
WINKLER, EISENBERG & JECK, P.C.

BY: _____
        Daniel Jeck, Esquire
        Joshua B. Schwartz, Esquire
        Attorneys for Plaintiffs

DATE: 5/13/16

**EISENBERG, ROTHWEILER,**
**WINKLER, EISENBERG & JECK, P.C.**
BY:   **Daniel Jeck, Esquire**
      **Joshua B. Schwartz, Esquire**
**ATTORNEY I.D. 67454/210208**
**1634 Spruce Street**
**Philadelphia, PA 19103**
**(215) 546-6636**

**ATTORNEYS FOR: PLAINTIFFS**
**THIS IS NOT AN ARBITRATION**
**MATTER.**

Filed and Attested by the
Office of Judicial Records
25 MAY 2016 11:15 am
E. MASCUILLI

, a minor, by and through his
parents and natural guardians, ANA M. RAMOS and
JOSE MERCADO, and ANA M. RAMOS AND JOSE
MERCADO, in their own right
1837 East Tioga Street
Philadelphia, Pennsylvania 19134
               And
2111North Howard Street
Philadelphia, Pennsylvania 19122
                     Plaintiffs
              vs.
TAMEKA P. LAFAYETTE, M.D.
c/o MARIA DE LOS SANTOS HEALTH CENTER
401-55 West Allegheny Avenue
Philadelphia, Pennsylvania 19133
               And
DELAWARE VALLEY COMMUNITY HEALTH,
INC., t/a MARIA DE LOS SANTOS HEALTH
CENTER
401-55 West Allegheny Avenue
Philadelphia, Pennsylvania 19133
               And
SHWETHA S. SHRIVATSA, M.D.
462 N. 6th Street
Philadelphia, Pennsylvania 19123
               And
TEMPLE PHYSICIANS, INC.
2540 W. Hunting Park Avenue
Philadelphia, Pennsylvania 19129
               And
TEMPLE UNIVERSITY HOSPITAL, INC.
3509 North Broad Street
9th Floor
Philadelphia, Pennsylvania 19140
               And
TEMPLE UNIVERSITY HEALTH SYSTEM, INC.
3509 North Broad Street, 9th Floor
Philadelphia, Pennsylvania 19140
                   Defendants

COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY

TERM, 2016

NO.

CIVIL ACTION

JURY TRIAL DEMANDED

## CERTIFICATE OF MERIT AS TO
## DEFENDANT, TEMPLE UNIVERSITY HEALTH SYSTEM, INC.

I, Daniel Jeck, Esquire, certify that:

 X      an appropriate licensed professional(s) has supplied a written statement(s) to the

undersigned that there is a basis to conclude that the care, skill or knowledge exercised or

exhibited by this Defendant in the treatment, practice or work that is the subject matter of the

Complaint, fell outside acceptable professional standards and that such conduct was a cause in

bringing about the harm;

AND/OR


 X      the claim that this Defendant deviated from an acceptable professional standard is based

solely on allegations that other licensed professionals for whom this Defendant is responsible

deviated from an acceptable professional standards and  an appropriate license professional(s)

has supplied a written statement(s) to the undersigned that there is a basis to conclude that the

care, skill or knowledge exercised or exhibited by the other licensed professionals in the

treatment, practice or work that is the subject of the Complaint, fell outside acceptable

professional standards and that such conduct was a cause in bringing about the harm;

OR

___expert testimony of an appropriate licensed professional is unnecessary for prosecution of the

claim against this Defendant.

EISENBERG, ROTHWEILER,
WINKLER, EISENBERG & JECK, P.C.

BY: _____
　　　 Daniel Jeck, Esquire
　　　 Joshua B. Schwartz, Esquire
　　　 Attorneys for Plaintiffs

DATE: 5/19/16