IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| A.M., by and through his parents and natural guardians, Ana M. Ramos and Jose Mercado, and ANA M. RAMOS and JOSE MERCADO | : : : : : : : | CIVIL ACTION |
| v. | : : | |
| TEMPLE PHYSICIANS, INC., ET AL. | : : | NO. 16-4495 |

**ORDER**

**AND NOW**, this 3rd day of October, 2016, in light of our September 29, 2016 Order dismissing all claims against Defendants Shwetha S. Shrivatsa, M.D., Tameka P. Lafayette, M.D., and Delaware Valley Community Health, Inc., and dismissing those Defendants as Defendants to this action, and having determined that in the absence of the federal claims against those Defendants, we no longer have subject matter jurisdiction over the case,[1] **IT IS HEREBY**

---

[1] Plaintiffs commenced this personal injury action in the Philadelphia County Court of Common Pleas against Defendants Temple University Hospital, Inc., Temple University Health System, Inc., Temple Physicians, Inc., Dr. Shwetha S. Shrivatsa, Dr. Tameka P. Lafayette, and Delaware Valley Community Health, Inc. ("DVCH"). The case was removed to this Court on August 16, 2016, on the basis of federal question jurisdiction because the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2672, sets forth the exclusive remedy against Defendants Dr. Lafayette, DVCH, and Dr. Shrivatsa for the injuries alleged. In an Order dated September 29, 2016, we substituted the United States for those three Defendants and then dismissed the claims against them for lack of subject matter jurisdiction because Plaintiffs had not exhausted their administrative remedies. Accordingly, Defendants Temple Physicians, Inc., Temple University Hospital, Inc., and Temple University Health System, Inc., are the only remaining Defendants and the sole remaining claims are state law claims for negligence and negligent infliction of emotional distress.

In removal cases, as in other cases, we have an "ever-present obligation to satisfy [ourselves] of [our] subject matter jurisdiction" and may raise the issue of our jurisdiction *sua sponte*. Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995) (citations omitted). Moreover, where a case has been removed to this court, we may subsequently remand it back to the state court if subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c). We "have subject matter jurisdiction over cases that meet the standards for diversity jurisdiction and cases that raise federal questions." Miller v. Piper Aircraft, Inc., Civ. A. No. 08-5961, 2009 WL 1033585, at *1 (E.D. Pa. Apr. 14, 2009) (quoting Allen v. GlaxoSmithKline PLC, Civ. A. No.

**ORDERED** as follows:

1. This case is **REMANDED** to the Court of Common Pleas of Philadelphia County.

2. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

_____
John R. Padova, J.

---

07-504, 2008 WL 2247067, at *1) (E.D. Pa. May 30, 2008) (internal quotations and citations omitted). Diversity jurisdiction may be established in civil actions between "citizens of different States" in which "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1). Federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Here, given the dismissal of the claims against the United States pursuant to the FTCA, there are no remaining federal claims. Thus, we no longer have federal question jurisdiction. Moreover, because Plaintiffs are citizens of Pennsylvania and the remaining Defendants are also citizens of Pennsylvania, we lack diversity jurisdiction as well. Accordingly, we conclude that we have no federal subject matter jurisdiction over this matter and we remand this case to the Court of Common Pleas of Philadelphia County pursuant to 28 U.S.C. § 1447(c).